## In re Atwood Hotel License

*Moore & Gourley,* for applicant.

PER CURIAM (HUGHES and GIBSON, JJ.), February 17, 1934.—This case comes before the court on a refusal of the State Liquor Control Board of the Commonwealth of Pennsylvania to grant a license to the applicant, Steve Nikolich, proprietor of the Atwood Hotel in the Borough of West Brownsville. The question before the court for determination was the reputation of the applicant and the reputation of the place wherein he was conducting business, the Attorney General conceding that these were the only grounds on which the board refused to grant the application. The Act of November 29, 1933, P. L. 15, known as the Pennsylvania Liquor Control Act, establishes a Liquor Control Board in which the granting of licenses for the sale of liquor is vested. This board is given power to make rules and regulations not inconsistent with the act, and from its decision there is a final appeal to the court of quarter sessions. The legislation does not make the courts an independent licensing authority, and the sole purpose of the appeal provided for by the act is to prevent an unreasonable or arbitrary exercise of power or an abuse of discretion upon the part of the Liquor Control Board. In the review of this application, the court has considered the testimony from the angle just indicated. The Attorney General has stated, and we have no information to the contrary, that the Liquor Control Board has issued no requirements necessary for granting of a license beyond those set forth in the Liquor Control Act. They have acted on the premise, however, that the arrest of a man within recent years, or several arrests, indicates that he is not a responsible person of good reputation, and therefore should not be entrusted with a liquor license. In so holding, we are satisfied that the Liquor Control Board is correct in refusing licenses under such circumstances to the operator of a hotel, for the act provides, in section 2: " 'Hotel' shall mean any reputable place, operated by responsible persons of good reputation", etc., and we take it that both the hotel and the applicant should bear such reputation under the testimony produced; otherwise, the license should be refused.

In this case, the Attorney General offered but three witnesses, members

of the State Highway Patrol, who had visited the applicant's place of business, and testified that he was conducting a hotel meeting all the requirements of the act of assembly, except that as to its reputation. They claim that they interviewed a number of residents of West Brownsville, and from those interviews concluded that the reputation of the hotel was bad. They claim to have talked with the applicant and from that conversation concluded that he would permit unmarried men and women to obtain rooms together in his hotel. There was no testimony offered by any of the witnesses whom the patrolmen claimed to have interviewed, nor any overt act shown along the line the patrolmen had testified.

The applicant called a number of witnesses who had long years of residence in West Brownsville, who testified both to his fitness to operate this hotel and the good repute of the hotel at the present time. They further claim that it has had no bad reputation since the applicant became proprietor. It is admitted and the records show that, in 1929, the hotel was padlocked for 1 year for violation of the Snyder-Armstrong Act, but at that time the present applicant was not proprietor of and had no connection with this hotel. It was shown that the present applicant, Steve Nikolich, under the Act of May 3, 1933, P. L. 252, had made an application to the County Treasurer of Washington County for a beverage license. That act provides in Section 6: "Retailers' Licenses.—Subject to the restrictions hereinafter provided, the treasurer shall issue to a person who conducts a reputable hotel . . . a retailer's license for such place.

"Such licenses shall be issued only to reputable individuals who are citizens of the United States . . ." It is apparent that this licensing authority concluded at the time of the issuance of the license that both the applicant and the hotel bore a good reputation, otherwise such license would not have been issued. There is no testimony that anything has occurred subsequent to the time that that license was issued that would call upon the Liquor Control Board to make a finding to the contrary. The evidence before the court showed the defendant had always borne a good reputation, that he had never at any time been convicted of a violation of the prohibition or any other laws, and that the hotel he was conducting is bearing good repute in that community.

If the same testimony as was before the court was offered to the Liquor Control Board, we are unable to find anything in the record that would show that the applicant's reputation was bad. The record would show that this hotel at one time under another proprietor had violated the Snyder-Armstrong Act, and thereby may have obtained a bad reputation, but after the subsequent issuing of a beverage license thereto, the change of the management to a proprietor who bears a good reputation and no evidence of misconduct in or about the premises under its present management, we fail to see how the board could hold that this hotel at present had a bad reputation. So to hold would be to base it on the occurrence of an act in 1929, and would practically preclude any hotel from ever purging itself of bad repute or ever again being permitted to be operated as a hotel with a license to sell liquor. So to hold would certainly be an arbitrary exercise of power. For these reasons, we feel that a license should be granted to the applicant.

And now, February 17, 1934, the refusal of the Liquor Control Board to grant a license to Steve Nikolich, trading as Atwood Hotel, West Brownsville, Pa., is set aside, and it is ordered that a license be issued to the applicant upon his filing the necessary bond and paying the required fees for the same.

From Harry D. Hamilton, Washington, Pa.